UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LENIN MERCEDES-BAEZ,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civ. No. 15-6330 (PGS)<br><br>OPINION |

**PETER G. SHERIDAN, U.S.D.J.**

## I.    INTRODUCTION

This matter comes before the court on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion") by Petitioner Lenin Mercedes-Baez, challenging a sentence imposed by this Court in *United States v. Mercedes-Baez*, Crim. No. 12-354, ECF No. 34 (entered Sept. 25, 2013), for conspiracy to distribute benzylpiperazine after a guilty plea. Respondent has filed an answer, ECF No. 10, and Petitioner filed a reply, ECF No. 11. For the reasons stated below, the Court denies the Motion.

## II.    BACKGROUND

### A. The Criminal Proceeding

On May 18, 2012, Petitioner was charged in a multi-count indictment with one count of conspiracy to distribute 4-methylenedioxymethamphetamine and benzylpiperazine, contrary to 21 U.S.C. § 841(a), 841(b)(1)(C) and two counts of distribution of benzylpiperazine, contrary to 21 U.S.C. § 841(a) and 841(b)(1)(A). On February 22, 2012, Petitioner pled guilty to one count of conspiracy to distribute benzylpiperazine. On September 23, 2013, this Court sentenced petitioner to a prison term of forty-two months to be followed by two years of supervised release.

In August 2016, Petitioner filed a motion in the criminal proceeding under 18 U.S.C. § 3582(c) for a reduction of his sentence pursuant to a retroactive amendment to the Sentencing Guidelines that lowered the base offense levels assigned to drug quantities. Petitioner and the Government both stipulated that based on the amendment, Petitioner's sentence should be reduced to a term of thirty-four months. On September 19, 2016, this Court granted Petitioner's motion and ordered his sentence be reduced to thirty-four months. Based on the reduction, Petitioner was eligible for immediate release from Bureau of Prisons custody and he was released on September 21, 2016.

**B. The § 2255 Motion**

On August 19, 2015, Petitioner filed this Motion, raising three claims of ineffective assistance of counsel. Petitioner alleges that his counsel was deficient in that he failed (1) to request a downward departure for Petitioner's apparent cooperation with the government, (2) to properly investigate the charges against Petitioner, and (3) to file a Notice of Appeal on Petitioner's behalf. The Government filed an answer in which it argued that Petitioner's Motion was time-barred under § 2255(f) and, even if it was deemed timely, it lacked merit. Petitioner filed a reply in which he asserted that he did file a timely § 2255 motion, but it was not received by the Court.

### III. LEGAL STANDARDS

A prisoner in federal custody under a sentence imposed by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

2

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1983).

In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). "It is the policy of the courts to give a liberal construction to pro se habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (quoting *United States ex rel. Montgomery v. Brierly*, 414 F.2d 552, 555 (3d Cir. 1969)). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United State*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013).

## IV. DISCUSSION

Motions filed under § 2255 to set aside, vacate or correct a sentence are governed by a one-year limitations period. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). Under this section, the limitations period begins to run in most cases on "the date on which the judgment of conviction becomes final." § 2255(f)(1).

> [A] "judgment of conviction becomes final" within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal has expired.

3

*Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see also Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003). The Federal Rules of Appellate Procedure require a criminal defendant to file a notice of appeal within 14 days of "the entry of either the judgment or the order being appeal." Fed. R. App. P. 4(b)(1)(A)(i).

Here, Petitioner's judgment was issued by this Court on September 25, 2013. He did not appeal that judgment and thus, the limitations period began running on October 9, 2013.[1] Petitioner did not file this motion until August 19, 2015, almost two years after the date his conviction became final. Accordingly, the Motion is barred by the one-year statute of limitation.

The limitations period for filing a § 2255 motion may, however, be equitably tolled "in appropriate cases." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998). The Supreme Court has stated that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this context, "[d]ue diligence does not require 'the maximum feasible diligence,' but it does require diligence in the circumstances." *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) (quoting *Moore v. Knight*, 368 F,3d 936, 940 (7th Cir. 2006)). Extraordinary circumstances may be found where (1) the respondent has actively misled the petitioner, (2) if the petitioner "has in some extraordinary way been

---

[1] The Court's Order reducing Petitioner's sentence did not impact the time for filing a § 2255 motion. 18 U.S.C. § 3582(b) provides that notwithstanding a court order under § 3582 modifying or correcting a sentence, "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." Thus, this Court's order reducing Petitioner's sentence had "no effect on the finality of [Petitioner's] sentence for the purposes of determining the timeliness" of the Motion. *See Tejeda v. United States*, No. 17-473, 2018 WL 783069, at *3 (D.N.J. Feb. 7, 2018); *see also United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001); *United States v. Sanders*, 247 F.3d 139, 142–43 (4th Cir. 2001).

4

prevented from asserting his rights," or (3) where the petitioner has timely asserted his right in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

Petitioner has not shown that the limitations period should be tolled. He asserts that he did attempt to file a timely § 2255 motion in September 2014, but that it was never received by the Court.[2] Even if the Court were to accept this bald allegation as true, it is not enough to warrant tolling of the limitations period. The time Petitioner waited to refile his motion—almost a full year—demonstrates a lack of diligence in pursuing his rights. *See Johnson v. United States*, No. 10-CV-341, 2010 WL 2490694, at *4 (E.D. Wis. June 17, 2010) (finding that petitioner did not diligently pursue his rights where he claimed that he originally submitted a timely § 2255 motion that was lost in the mail and waited nearly one year to refile the motion); *see also LaCava v. Kyler*, 398 F.3d 271, 277–78 (3d Cir. 2005) (finding petitioner was not diligent in pursuing his rights where he waited twenty-months to inquire as to the status of his appeal). Moreover, Petitioner has presented no facts that would demonstrate there were any extraordinary circumstances that caused his delay in filing. As such, Petitioner's motion will be dismissed as untimely.

The Court also denies a certificate of appealability ("COA"). Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's

---

[2] Petitioner's motion states that he purportedly filed a first § 2255 motion on September 19, 2015. Since he filed the present motion on August 10, 2015, the Court presumes that this is a typographical error and he attempted to file the first motion on September 19, 2014.

underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2255(c) because jurists of reason would not find it debatable that denial of the Motion is correct.

## V. CONCLUSION

For the reasons set forth above, the Motion is DENIED as time-barred, and the Court denies a certificate of appealability.

DATED: ~~November~~ Dec 4, 2018

PETER G. SHERIDAN
U.S. District Judge